IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-96-D

| | |
|---|---|
| ANTHONY BUSSIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| PAUL FISHMAN, et al., ) | |
| ) | |
| Defendants. ) | |

On February 20, 2014, Anthony Bussie ("Bussie" or "plaintiff"), a federal pretrial detainee proceeding pro se, filed this action on a form complaint seeking relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Bussie seeks leave to proceed in forma pauperis [D.E. 2]. As explained below, the court dismisses the action.

Bussie is under criminal indictment in the United States District Court for the District of New Jersey for threatening a member of the United States House of Representatives, in violation of 18 U.S.C. §§ 115 and 2. See United States v. Bussie, No. 1:12-CR-00229-RMB-1, [D.E. 1] (D.N.J. Jan. 12, 2012) (criminal complaint). Bussie names as defendants the Assistant United States Attorney assigned to prosecute his criminal case, the United States Attorney for the District of New Jersey, and an "Unknown Attorney General in NJ," and challenges the criminal proceedings against him. Compl. 3–4.

Bussie is a familiar litigant to the federal courts, having filed 86 actions in five years. See Admin. Office of U.S. Courts, PACER Case Locator, www.pacer.gov (search "Bussie, Anthony"). The PLRA's three-strikes provision allows the court to dismiss a prisoner's action "if

the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407–10 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

Bussie has filed at least three actions that courts have dismissed as frivolous or malicious. See, e.g., Bussie v. Andrews, No. 5:13-CV-322-BO, [D.E. 14] (E.D.N.C. Sept. 3, 2013); Bussie v. Brauman, No. 3:13-cv-1055-AWT, [D.E. 5] (D. Conn. July 31, 2013); Bussie v. FEC, No. 3:13-cv-477-wmc, [D.E. 3] (W.D. Wis. July 30, 2013); Bussie v. Attorney Gen., No. 3:13-cv-476-wmc, [D.E. 3] (W.D. Wis. July 30, 2013); Bussie v. Dep't of Commerce, No. 5:12-CV-792-D, [D.E. 8] (E.D.N.C. Mar. 12, 2013). Bussie also has incurred routine dismissals pursuant to section 1915(g). See, e.g., Bussie v. Boehner, No. 3:14-cv-279-D-BK, [D.E. 6] (N.D. Tex. Feb. 28, 2014); Bussie v. Boehner, No. 5:14-CV-57-FL, [D.E. 3] (E.D.N.C. Feb. 4, 2014); Bussie v. Andrews, No. 5:13-CV-605-F, [D.E. 4] (E.D.N.C. Oct. 16, 2013).

To avoid dismissal, Bussie must show that he is under imminent danger of serious physical injury in order to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of section 1915(g). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. Bussie has not made a colorable showing

2

that this action should proceed under the exception to the three-strikes rule.

In sum, the court DISMISSES plaintiff's action under 28 U.S.C. § 1915(g). The clerk shall close the case.

SO ORDERED. This _6_ day of August 2014.

                                        JAMES C. DEVER III
                                        Chief United States District Judge